UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
DAVID DIWBY,

                    Plaintiff,

                                                    COMPLAINT
            -against-
                                                    Plaintiff Demands
THE CITY OF NEW YORK; NEW YORK CITY                 Trial By Jury
POLICE DETECTIVE LAWRENCE AVVENIRE,
Shield No. 10498; NEW YORK CITY POLICE
SERGEANT "FNU" [First Name Unknown]
SINATRA; NEW YORK CITY POLICE DETECTIVE
ERIC MOY, Shield No. 02788; JOHN DOES;
RICHARD ROES,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiff, DAVID
DIWBY, seeks relief for the defendants' violation of his rights
secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983;
by the United States Constitution, including its Fourth and
Fourteenth Amendments, and by the laws and Constitution of the
State of New York.  The plaintiff seeks damages, both
compensatory and punitive, affirmative and equitable relief, an
award of costs and attorneys' fees, and such other and further
relief as this court deems equitable and just.

## JURISDICTION

2.   This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.   The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.   Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.   Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6.   Plaintiff filed a timely Notice of Claim with the

Comptroller of the City of New York on October 25, 2016, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**<u>PARTIES</u>**

7.   Plaintiff was at all times relevant herein a resident of the State of New York.

8.   Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.    Defendants AVVENIRE, SINATRA, MOY, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants AVVENIRE, SINATRA, MOY, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants AVVENIRE, SINATRA, MOY, and JOHN DOES are sued individually.

10.  Defendants SINATRA and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants SINATRA and RICHARD ROES are and were at all times relevant herein acting under color of state law in the

4

course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants SINATRA and RICHARD ROES are sued individually.

**STATEMENT OF FACTS**

11.    On September 15, 2016, at approximately 3:00 p.m., Plaintiff was at or near the intersection of Jamaica Avenue and 139th Street, in Queens, NY.

12.    Plaintiff was at that time doing promotional work for a locksmith company, by putting up stickers on the guardrails of storefront security gates and handing out business cards and the like.

13.    A man (on information and belief a JOHN DOE plainclothes or undercover member of the NYPD) struck up a conversation with Plaintiff, and then, as he was about to leave, asked Plaintiff if Plaintiff knew where he could get, or if Plaintiff could get for him, illegal drugs.

14.    Plaintiff responded in the negative to that query.

15.    The man walked away, and then, almost instantly, one uniformed and several plainclothes JOHN DOES members of the NYPD

(on information and belief including Defendants AVVENIRE, SINATRA, and MOY), the plainclothes officers with their shields around their necks, approached Plaintiff and illegally searched and arrested him.

16.  One of the JOHN DOES was asking Plaintiff questions.

17.  The uniformed JOHN DOE illegally grabbed Plaintiff's backpack and searched inside of it.

18.  One of the JOHN DOES illegally put Plaintiff in handcuffs.

19.  The handcuffs were applied to Plaintiff with an excessive and punitive tightness.

20.  Plaintiff was placed by the JOHN DOES into an unmarked police van.

21.  Plaintiff was told that he was being arrested for having his own prescription medication with him.

22.  Plaintiff had his prescription medication Suboxone with him in his backpack, in its original box that he received from the pharmacy, and which had his name on the pharmacy's personalized label that was on the box.

23.  Plaintiff also had an asthma pump on him.

24.  Plaintiff was then driven around in the van, which stopped a couple of times for more arrestees to be loaded in, for the next approximately three hours.

25.  During these hours in the police van, Plaintiff complained about the painful tightness of his handcuffs, that he

was suffering an asthma attack, and that he needed to use the bathroom.

26. Plaintiff's complaints were ignored by the two JOHN DOES drivers of the police van.

27. After the hours in the van, Plaintiff was brought to the NYPD 103rd Precinct, and placed into a cell.

28. While at the precinct Plaintiff requested his asthma inhaler from JOHN DOES personnel at the precinct to alleviate the asthma attack he was suffering from, but his asthma inhaler was again not provided to him.

29. After approximately two or three hours at the precinct, Plaintiff was then brought to Queens Central Booking.

30. While at Queens Central Booking Plaintiff also several times requested his asthma inhaler from JOHN DOES personnel to alleviate the asthma attack he was suffering from, but his asthma inhaler was still not provided to him.

31. Plaintiff was held at Queens Central Booking until approximately 10:00 a.m. the next morning, when he was arraigned and released on his own recognizance.

32. Plaintiff was falsely charged with Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York State Penal Law § 220.03.

33. Defendant AVVENIRE (who indicates that he is a part of the NYPD's Tactical Narcotics Team - Queens) is the deponent on the Criminal Court Complaint that was lodged against Plaintiff,

and averred, under penalty of perjury, that he is informed by Defendant SINATRA that Plaintiff was holding a Suboxone strip in Plaintiff's hand, and that Defendant SINATRA recovered that Suboxone strip; and that he is informed by Defendant MOY that he recovered 18 strips of Suboxone from Plaintiff's bag; and that Plaintiff admitted, in sum and substance, that Plaintiff did not have a prescription for it (the Suboxone).

34.   These allegations are false and materially misleading.

35.   Plaintiff did not have a Suboxone strip in his hand.

36.   The Suboxone in Plaintiff's backpack was, as noted *supra*, in its original packaging from the pharmacy, which had Plaintiff's name on its personalized pharmacy label which indicated clearly that it was Plaintiff's own prescription medication that had been prescribed to Plaintiff.

37.   Plaintiff told the JOHN DOES at the scene very clearly that the Suboxone was his own prescription medication, and never told any of them that he did not have a prescription for it.

38.   After being released on his own recognizance Plaintiff had to walk back to the 103rd Precinct to get his property, but the JOHN DOES personnel at the precinct would not give Plaintiff back his asthma inhaler to alleviate the asthma attack that he had been suffering from the entire time that he was in police custody, nor would the JOHN DOES personnel at the precinct return to Plaintiff his Suboxone, nor would they return to Plaintiff the other contents of his backpack.

39.   Plaintiff had to return to Criminal Court on October 20, 2016, on which date the false charge against him was dismissed in its entirety.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

40.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41.   By their conduct and actions in unlawfully assaulting and battering plaintiff, falsely arresting plaintiff, unlawfully searching and seizing plaintiff, inflicting emotional distress upon plaintiff, being deliberately indifferent to plaintiff's medical needs, maliciously prosecuting plaintiff, abusing process against plaintiff, fabricating an account and /or evidence with regard to plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants AVVENIRE, SINATRA, MOY, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and

9

probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

42.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>**SECOND CLAIM**</u>

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

43.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44.  By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants SINATRA and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

45.  As a result of the foregoing, plaintiff was deprived

of his liberty and property, experienced injury, pain and
suffering, psychological and emotional injury, great
humiliation, costs and expenses, and was otherwise damaged and
injured.

### THIRD CLAIM

**LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

46.  The plaintiff incorporates by reference the
allegations set forth in all previous Paragraphs as if fully set
forth herein.

47.  At all times material to this complaint, defendant THE
CITY OF NEW YORK, acting through its police department, and
through the individual defendants had de facto policies,
practices, customs and usages which were a direct and proximate
cause of the unconstitutional conduct alleged herein.

48.  At all times material to this complaint, defendant THE
CITY OF NEW YORK, acting through its police department, and
through the individual defendants, had de facto policies,
practices, customs, and usages of failing to properly train,
screen, supervise, or discipline employees and police officers,
and of failing to inform the individual defendants' supervisors
of their need to train, screen, supervise or discipline said
defendants.  These policies, practices, customs, and usages were

a direct and proximate cause of the unconstitutional conduct alleged herein.

49.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal searches and warrantless arrests made without probable cause.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

50.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tolerating the failure by members of the NYPD to provide

adequate medical care to arrestees.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

52.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of unreasonably and excessively prolonging the transport of arrestees in their custody.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

53.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of using excessively tight handcuffs to punitively inflict pain and injury upon arrestees. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

54.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

55.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.   The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

57.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

58.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set

14

forth herein.

59.  By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

61.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.  By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory

15

and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**SEVENTH CLAIM**

**ABUSE OF PROCESS**

64.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.  By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### MALICIOUS PROSECUTION

67.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.  By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

70.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.   By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

**NEGLIGENCE**

73.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.   The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

76.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.   Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.   As a result of the foregoing, plaintiff was deprived

of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### TRESPASS

79.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80.  The defendants willfully, wrongfully and unlawfully trespassed upon plaintiff's property and upon the person of plaintiff.

81.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRTEENTH CLAIM

### CONVERSION

82.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83.  The defendants willfully, wrongfully and unlawfully converted plaintiff's property.

84.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FOURTEENTH CLAIM

### CONSTITUTIONAL TORT

85.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.  Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6 and 12 of the New York State Constitution.

87.   A damages remedy here is necessary to effectuate the purposes of §§ 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

88.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

        a.   Compensatory damages;

        b.   Punitive damages;

        c.   The convening and empaneling of a jury to consider the merits of the claims herein;

        d.   Costs and interest and attorney's fees;

        e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          December 14, 2017

                     /S/   Jeffrey A. Rothman
                    JEFFREY A. ROTHMAN, Esq.
                    315 Broadway, Suite 200
                    New York, New York 10007
                    (212) 227-2980
                    Attorney for Plaintiff